IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA P.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 1771 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sandra P.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No. 28] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 37] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 26, 2017 and April 27, 2017, respectively, Plaintiff filed claims for DIB and SSI, alleging disability since April 1, 2013. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 19, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 15, 2019, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 1, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: generalized anxiety disorder; depression; schizoaffective disorder; and alcohol

abuse. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: can perform simple, routine, and repetitive tasks involving simple workplace decisions and only occasional changes in the routine work setting; work must not include fast hourly production rate pace standards; and can occasionally interact with supervisors and coworkers, but cannot interact with the public. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a billing clerk or secretary. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly discounted a consultative examiner's opinion; and (2) the ALJ improperly discounted Plaintiff's statements regarding the nature and limiting effects of her subjective symptoms. Each argument will be addressed below in turn.

### A. The ALJ's Assessment of the Consultative Examiner's Opinions

In advancing her first argument, Plaintiff contends that the ALJ improperly discounted the opinions of Dr. Michael Stone, who performed an independent psychological consultative evaluation of Plaintiff in July 2016. The ALJ summarized the findings from Dr. Stone's examination and noted that Dr. Stone ultimately

6

"diagnosed the claimant with generalized anxiety disorder with anxiety attacks, major depressive disorder, as well as unspecified mood swings based primarily on the claimant's recount of her symptoms." (R. 17.) The ALJ further noted Dr. Stone's conclusion that Plaintiff had a poor "[a]bility and adaptive capacity to withstand the stress and pressures associated with a day-to-day work activity." (*Id.* at 19.) However, the ALJ ultimately found Dr. Stone's opinions unpersuasive.

An ALJ "is required to consider a consultative examiner's opinion and explain the weight given to such an opinion in his decision." *Lucio v. Barnhart*, No. 03 C 7078, 2004 U.S. Dist. LEXIS 12207, at *38 (N.D. Ill. June 22, 2004) (citation omitted). However, "[a]n ALJ may discount the opinion of a consultative examiner . . . as long as he provides good reasons for doing so." *Johnny T. Saul*, No. 17 C 8671, 2020 U.S. Dist. LEXIS 3387, at *13 (N.D. Ill. Jan. 9, 2020) (citation omitted). Further, "[a]n ALJ can give less weight to a [consultative] doctor's opinion if it is internally inconsistent or inconsistent with the other substantial evidence in the record as long as she articulates her reasons for giving the opinion less weight." *Hall v. Astrue*, 489 F. App'x 956, 958 (7th Cir. 2012) (citations omitted).

Here, the ALJ explained the weight she gave to Dr. Stone's opinions and articulated good reasons for finding the opinions unpersuasive. To wit, the ALJ reasoned as follows:

> Dr. Stone's determinations were based on a one-time evaluation as well as a cursory and limited review of the claimant's mental health records. Dr. Stone's opinions are vague in nature and offer minimal insight into the claimant's specific limitations or her residual functional capacity assessment for her period of alleged disability. Finally, Dr. Stone's opinions were based heavily on the claimant's recount of her symptoms

7

and generally inconsistent with the medical evidence of record as a whole.

(R. 19.)

The ALJ was entitled to give limited weight to Dr. Stone's opinions on the bases of limited contact and vagueness. *See Murphy v. Astrue*, 454 F. App'x 514, 518 (7th Cir. 2012) ("[T]he ALJ did not erroneously reject Dr. Radomska's opinion. Dr. Radomska, the psychiatric consultative examiner, examined Murphy on only one occasion, and then opined that a mental disorder was 'possible,' without identifying any specific functional limitation. Based on Dr. Radomska's limited relationship with Murphy, the ALJ failure to give controlling weight to Dr. Radomska's opinion was not in error.") (citation omitted); *Lynida W. v. Saul*, No. 19 C 2021, 2020 U.S. Dist. LEXIS 87690, at *24 (N.D. Ill. May 19, 2020) ("The Court also finds no error in the ALJ's assessment of Dr. Vaidya's opinion. The ALJ considered Dr. Vaidya's consultative report but reasonably gave it 'limited weight,' explaining that Dr. Vaidya did not provide specific functional restrictions and the limitations he did provide were vague."). Further, the ALJ was entitled to give minimal weight to Dr. Stone's opinions on the grounds that they were predicated on Plaintiff's own reported symptoms. *See Jones v. Colvin*, No. 11 C 1608, 2014 U.S. Dist. LEXIS 4649, at *34 (N.D. Ill. Jan. 13, 2014) (finding that ALJ properly "gave less weight to [consultative examiner] Dr. Elmes's conclusions because the ALJ found that they were based primarily on Mr. Jones's subjective complaints of pain, which the ALJ did not find credible, rather than on Dr. Elmes's examination results"). And finally, the ALJ was entitled to give limited weight to Dr. Stone's opinions on the basis that

8

they were generally inconsistent with the medical evidence of record as a whole. *See Peters v. Berryhill*, No. 16 CV 6901, 2018 U.S. Dist. LEXIS 62031, at *24 (N.D. Ill. Apr. 12, 2018) ("Here, the ALJ was clear in his reasoning for discounting Dr. Middleton's opinions. Dr. Middleton did indeed make some objective findings during her consultative examination. . . . But overall, the ALJ found that her conclusions were over general, based primarily on the Claimant's subjective complaints, and were unsupported by the record as a whole.") (citation omitted). Accordingly, the Court rejects Plaintiff's first argument.

### B. The ALJ's Assessment of Plaintiff's Subjective Symptoms

Plaintiff argues that the ALJ's assessment of her reported symptoms was erroneous. In finding Plaintiff's subjective symptoms not fully corroborated, the ALJ noted that "the claimant's mental treatment notes reveal that she consistently demonstrated normal or only slightly diminished memory, orientation, thought processes, thought content, insight, as well as intellectual and neurological functioning throughout her period of alleged disability." (R. 14.) The ALJ further noted that "the claimant's various mental health providers and physicians in the record often noted she had normal communicative capabilities, grooming, hygiene, behavior, orientation, thought processes, thought content, mood, and affect." (*Id.* at 14-15.) Additionally, the ALJ noted that Plaintiff had "meaningful family friendships [and] interact[ions] with others" and "could adequately attend to her personal care and hygiene tasks, prepare simple meals, function independently outside of her home, and manage her finances." (*Id.* at 15.)

9

With respect to Plaintiff's subjective symptoms, the ALJ concluded as follows:

> The extent of the claimant's alleged symptoms related to her mental conditions is not consistent with the medical evidence of record. The claimant's sparse mental health treatment history has been largely limited to conservative measures, primarily consisting of medication management and medical monitoring, with few recommendations for more aggressive treatment modalities. This absence of aggressive treatment suggests that the claimant's physicians did not consider the claimant's mental conditions to be severe, especially to the degree that the claimant had generally alleged. In fact, as discussed above, the claimant often reported improved psychiatric symptomatology, with her various treatment providers repeatedly observing that she had normal or slightly diminished mood, thought processes, thought content, behavior, speech, and orientation. . . . The claimant's professed activities of daily living also fail to show debilitating symptoms. The claimant reported that she is generally able to attend to her personal care tasks, prepare simple meals, take public transportation, as well as function outside of her home independently, albeit with some psychological difficulties.

(R. 20.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). With that standard in mind, Plaintiff's challenge to the ALJ's assessment of Plaintiff's symptoms must be summarily rejected. Here, the ALJ provided not only explanation and support, but extensive rationales as outlined above. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted);

10

*Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Ultimately, Plaintiff has not shown that the ALJ's evaluation of her symptoms and allegations was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

## **CONCLUSION**

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary remand [Doc. No. 28] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 37] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:      February 17, 2022**

                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**